1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   KEITH ROSS,                            CASE NO. 1:09-cv-00063-AWI-SKO PC

10              Plaintiff,         SECOND INFORMATIONAL ORDER, AND
MOTION TO DISMISS AND MOTION FOR

11     v.                              SUMMARY JUDGMENT NOTICE

12   A. HEDGPETH,

13             Defendant.

14   _____/

15      The plaintiff is proceeding pro se in this civil action.  Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d

16   1108 (9th Cir. 2003), <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), and <u>Klingele v. Eikenberry</u>,

17   849 F.2d 409 (9th Cir. 1988), the court hereby notifies the plaintiff of the following rights and

18   requirements for motions:

19      1. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions

20   concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal

21   Rules of Civil Procedure, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local

22   Rule 230(l).

23      2.  If the defendants file a motion to dismiss, a motion for summary judgment, or other type

24   of motion, the plaintiff is required to file an opposition or a statement of non-opposition to the

25   motion. Local Rule 230(l). <u>If the plaintiff fails to file an opposition or a statement of non-opposition</u>

26   <u>to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u>  The opposition

27   or statement of non-opposition must be filed not more than 21 days after the date of service of the

28   motion.  <u>Id.</u>

1    3. At some point in the litigation, the defendants may file a motion to dismiss for failure to

2  exhaust the administrative remedies as to one or more claims in the complaint.  The failure to

3  exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.

4  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d

5  365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust, the

6  court will look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20

7  (quoting Ritza, 837 F.2d at 368).  If the court concludes that the plaintiff has not exhausted the

8  administrative remedies, the unexhausted claims must be dismissed and the court will grant the

9  motion to dismiss.  Wyatt, 315 F.3d at 1120.  If all of the claims are unexhausted, the case will be

10 dismissed, which means the plaintiff's case is over.  If some of the claims are exhausted and some

11 are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only

12 on the exhausted claims.  Jones v. Bock, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007).  A

13 dismissal for failure to exhaust is without prejudice.  Wyatt, 315 F.3d at 1120.

14    If the defendants make an unenumerated 12(b) motion to dismiss for failure to exhaust the

15 administrative remedies, the plaintiff may not simply rely on allegations in the complaint.  Instead,

16 the plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by

17 submitting other evidence regarding the exhaustion of administrative remedies.  See Fed. R. Civ. P.

18 43(c); Ritza, 837 F.2d at 369.  If the plaintiff does not submit his or her own evidence in opposition,

19 the court may conclude that the plaintiff has not exhausted the administrative remedies and the case

20 will be dismissed.

21    4. At some point in the litigation, one or more of the defendants may move for summary

22 judgment as to some or all of the plaintiff's claims.  A motion for summary judgment is a request

23 for judgment on some or all of the plaintiff's claims in favor of the defendants without trial.  Fed.

24 R. Civ. P. 56(b).  The defendants' motion will set forth the facts which the defendants contend are

25 not reasonably subject to dispute and that entitle the defendants to judgment as a matter of law.  Fed.

26 R. Civ. P. 56(c).  This is called the Statement of Undisputed Facts.  Local Rule 260(a).

27    The plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,

28 the plaintiff must show proof of his or her claims.  The plaintiff may agree with the facts set forth

2

1  in the defendants' motion but argue that the defendants are not entitled to judgment as a matter of

2  law.

3       In the alternative, if the plaintiff does not agree with the facts set forth in the defendants'

4  motion, the plaintiff may show the defendants' facts are disputed in one or more of the following

5  ways: (1) the plaintiff may rely upon statements made under the penalty of perjury in the complaint

6  or the opposition if (a) the complaint or opposition shows that the plaintiff has personal knowledge

7  of the matters stated and (b) the plaintiff calls to the court's attention those parts of the complaint

8  or opposition upon which plaintiff relies; (2) the plaintiff may serve and file declarations setting forth

9  the facts which the plaintiff believes prove the plaintiff's claims;[1] (3) the plaintiff may rely upon

10  written records but the plaintiff must prove that the records are what the plaintiff claims they are;[2]

11  or (4) the plaintiff may rely upon all or any part of the transcript of one or more depositions, answers

12  to interrogatories, or admissions obtained in this proceeding.  Should the plaintiff fail to contradict

13  the defendants' motion with declarations or other evidence, the defendants' evidence will be taken

14  as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

15       If defendants file a motion for summary judgment and the plaintiff files an opposition to the

16  motion, Local Rule 260(b) requires the plaintiff to reproduce the defendants' itemized facts in the

17  Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are

18  disputed.  If the plaintiff disputes (denies) a fact, the plaintiff must cite to the evidence used to

19  support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other

20  document).  Local Rule 260(b).

21       If the defendants file a motion for summary judgment and the plaintiff is not yet able to

22  present facts to justify the opposition to the motion, the court will consider a request to postpone

23

24       [1]A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are
25  based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement
    is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(e). A declaration must be dated and signed under
26  penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true
    and correct.  Executed on (date). (Signature)." 28 U.S.C. § 1746.

27       [2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the
28  opposing party.  Fed. R. Civ. P. 56(e).

1   consideration of the defendants' motion.  Fed. R. Civ. P. 56(f).  Any request to postpone

2   consideration of the defendants' motion for summary judgment must include the following: (1) a

3   declaration setting forth the specific facts the plaintiff hopes to elicit from further discovery, (2) a

4   showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for

5   summary judgment.  State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The request

6   to postpone the motion for summary judgment must identify what information is sought and how it

7   would preclude summary judgment.  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local

8   Rule 260(b).

9       5.   Unsigned declarations will be stricken, and declarations not signed under penalty of

10  perjury have no evidentiary value.

11      6.   The failure of any party to comply with this order, the Federal Rules of Civil Procedure,

12  or the Local Rules of the Eastern District of California may result in the imposition of sanctions

13  including but not limited to dismissal of the action or entry of default.

14

15  IT IS SO ORDERED.

16  **Dated:    January 3, 2012**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4