# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. HEDGPETH,<br><br>　　　　　Defendant. | CASE NO. 1:09-cv-00063-AWI-SKO PC<br><br>ORDER ADDRESSING RETENTION OF JURISDICTION AND REQUIRING DEFENDANT TO FILE STATUS REPORT ON AUGUST 1, 2013, IF STIPULATION FOR VOLUNTARY DISMISSAL HAS NOT BEEN FILED<br><br>(Doc. 26) |

Plaintiff Keith Ross, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 12, 2009, which is proceeding against Defendant Hedgpeth on Plaintiff's First Amendment free exercise and Religious Land Use and Institutionalized Persons Act claims. 42 U.S.C. § 1983; 42 U.S.C. § 2000cc-1.

On January 18, 2013, the Court held an informal telephonic status conference following receipt of Defendant's status report regarding the parties' settlement agreement, which they have not been able to finalize.

As Plaintiff was informed during the hearing, he must sign the settlement agreement to trigger the one-hundred eighty (180) day period in which Defendant represents payment will be made.[1]  Defendant's counsel, as an officer of the court, has represented to Plaintiff that the stipulation for voluntary dismissal, which must also be signed, will not be filed until Plaintiff is paid the settlement amount. The Court recognizes Plaintiff's concern that a case might be dismissed before payment is received.  However, in this case, the Court has no reason to doubt Defendant's

---

[1] Payment will more likely be made within forty-five days, according to Defendant's counsel.

counsel's representation that the stipulation will *not* be filed until payment is made.

Nevertheless, in an effort to assuage Plaintiff's concern and to assist the parties in finalizing their settlement agreement, the Court is agreeable to retaining jurisdiction to enforce the settlement agreement for a period of forty-five (45) days to commence upon the filing of the stipulation for voluntary dismissal. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377-82, 114 S.Ct. 1673 (1994); Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995).

Additionally, Defendant is required to file a status report on **August 1, 2013**, if the stipulation for voluntary dismissal has not been filed with the Court by that date.

IT IS SO ORDERED.

**Dated:   January 18, 2013**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE

2