# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROSS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>A. HEDGPETH,<br><br>　　　　　　Defendant. | CASE NO. 1:09-cv-00063-AWI-SKO PC<br><br>ORDER DENYING MOTION TO RESCIND SETTLEMENT AGREEMENT AND PROCEED, AND DIRECTING DEFENDANT TO FILE STIPULATION FOR VOLUNTARY DISMISSAL WITHIN FIFTEEN DAYS<br><br>(Docs. 29 and 32) |

**I.   Procedural History**

Plaintiff Keith Ross, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 12, 2009. 42 U.S.C. § 1983; 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)). Pursuant to the Court's screening orders, this action is proceeding on Plaintiff's complaint against Defendant Hedgpeth for violation of the Free Exercise Clause of the First Amendment and for violation of RLUIPA. Plaintiff's claim arises out of the confiscation and retention of his prayer oil.

On May 3, 2012, Defendant filed a notice of settlement, and on May 4, 2012, the Court relieved him of his obligation to file a response to Plaintiff's complaint and ordered him to file a status report within forty-five days. Defendant filed a status report on May 9, 2012, and on May 14, 2012, the Court ordered him to file a status report on or before January 4, 2013, if the stipulation for voluntary dismissal had not been filed by that date. Plaintiff thereafter filed a motion for relief from the order on August 31, 2012, and Defendant filed a status report on January 9, 2013. The Court set a telephonic status conference for January 18, 2013, in an effort to assist the parties in finalizing their settlement agreement.

As discussed during the status conference, the parties disagreed on the execution and finalization of their settlement agreement. Plaintiff did not want to sign the stipulation for voluntary dismissal until he was paid and the California Department of Corrections and Rehabilitation (CDCR) was unwilling to pay the agreed upon settlement amount without a signed stipulation for voluntary dismissal. As memorialized in the Court's order filed on January 18, 2013, Plaintiff was informed during the hearing that he was required to sign the settlement agreement to trigger the one-hundred eighty day period within which Defendant represented that payment would be made.

The Court recognized Plaintiff's concern that the case might be dismissed before payment was received, but Plaintiff was assured that such bad faith conduct was virtually unheard of and Defendant's counsel, as an officer of the court, had represented to Plaintiff that the stipulation for voluntary dismissal would not be filed until payment was made. However, in an effort to further assuage Plaintiff's concern and assist the parties in finalizing their settlement agreement, the Court agreed to retain jurisdiction to enforce the settlement agreement for a forty-five day period to commence upon the filing of the stipulation for voluntary dismissal. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377-82, 114 S.Ct. 1673 (1994); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995).

II.     **Plaintiff's Motion to Rescind Settlement Agreement and Proceed with Lawsuit**

On April 22, 2013, Plaintiff filed a motion seeking to rescind the settlement agreement and proceed with the lawsuit. Defendant filed an opposition on May 6, 2013, and the period within which to file a reply has expired. Accordingly, the motion is submitted upon the record. Local Rule 230(l).

Plaintiff represents that he was informed by Defendant's counsel and the Court that he would not be responsible for the $350.00 filing fee and he seeks to proceed with this lawsuit because the filing fee continues to be incrementally deducted from his trust account.

In response, Defendant submits the signed settlement agreement, which does not include any terms pertaining to the filing fee, and Defendant's counsel attests that upon inquiry, he was informed that CDCR paid Plaintiff the agreed upon settlement amount on April 22, 2013. (Doc. 31, Dec. of Ikeri, ¶5 & Ex. A.)

1 Plaintiff's representation regarding what he was told by Defendant's counsel and the Court during the conference on January 18, 2013, is wholly without merit. Plaintiff expressed his concern regarding the filing fee and his desire not to pay the fee. However, Plaintiff was informed in clear, plain language by both counsel and the Court that the filing fee was not part of the settlement agreement, and the Court further stressed to Plaintiff that it was not going to weigh in on that issue because it was not part of the settlement agreement. Plaintiff understood what he was told during the conference, and at no time was he informed that he was not responsible for the filing fee.

The filing fee is due and payable upon the commencement of an action. 28 U.S.C. § 1914(a); Fed. R. Civ. P. 3. Although Plaintiff was granted leave to proceed in forma pauperis in this action, prisoners are not entitled to a waiver of the fee. 28 U.S.C. § 1915(b)(1). Rather, in forma pauperis status merely permits prisoners to proceed without *prepayment* of the filing fee. 28 U.S.C. § 1915(a)(2). Relief from the filing fee was not part of the parties' settlement agreement and no representation to the contrary was made by Defendant's counsel or the Court during the status conference. Therefore, Plaintiff's motion is denied.

Given that CDCR paid Plaintiff the agreed upon settlement amount, Defendant should have thereafter filed the stipulation for voluntary dismissal. Defendant shall do so within fifteen days.[1]

**III.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to rescind the settlement agreement and proceed is DENIED; and
2. Defendant shall file the stipulation for voluntary dismissal within **fifteen (15) days**.

IT IS SO ORDERED.

**Dated:   May 31, 2013**                               /s/ Sheila K. Oberto
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] As Plaintiff was informed, the Court will retain jurisdiction to enforce the settlement agreement for forty-five days, to commence upon the filing of the stipulation for voluntary dismissal.

3