# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROSS,<br><br>   Plaintiff,<br><br>   v.<br><br>A. HEDGPETH,<br><br>   Defendant.<br>_____/ | Case No.  1:09-cv-00063-AWI-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, WITH PREJUDICE, FOR LACK OF JURISDICTION<br><br>(Doc. 38) |

**I.    Procedural History**

Plaintiff Keith Ross ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 12, 2009.  On May 3, 2012, Defendant Hedgpeth ("Defendant") filed a notice of settlement.  (Doc. 19.)  Issues subsequently arose with respect to the finalization of the settlement agreement and on January 18, 2013, the Magistrate Judge held an informal telephonic conference in an effort to assist the parties in resolving their dispute, which arose over Plaintiff's refusal to sign the stipulation for voluntary dismissal in the absence of receipt of the monetary settlement amount and the California Department of Corrections and Rehabilitation's ("CDCR") refusal to issue the monetary settlement amount in the absence of a signed stipulation for voluntary dismissal.  (Docs. 24-28.)

The Magistrate Judge issued an order following the conference and in an effort to reassure Plaintiff that his case would not be dismissed prior to his receipt of the monetary settlement, the

1 Magistrate Judge agreed to retain jurisdiction to enforce the settlement agreement for forty-five
2 days, to commence upon the filing of the stipulation for voluntary dismissal.  (Doc. 29.)

3 On April 22, 2013, Plaintiff filed a motion to rescind the settlement agreement, to which
4 Defendant responded.  (Doc. 32.)  Defendant provided a copy of the signed settlement agreement,
5 dated January 23, 2013, and defense counsel's declaration attesting that he was informed CDCR
6 paid the settlement money to Plaintiff on April 22, 2013.  (Doc. 33.)

7 On June 3, 2013, the Magistrate Judge issued an order denying Plaintiff's motion to
8 rescind the settlement agreement and directing Defendant to file the signed stipulation for
9 voluntary dismissal.  (Doc. 35.)  Defendant complied on June 3, 2013, and this case was closed by
10 order filed June 5, 2013.  (Docs. 36, 37.)

11 On June 10, 2013, Plaintiff filed a motion to enforce the settlement agreement.  (Doc. 38.)
12 Defendant did not file a response.

## II.     Discussion and Order

Plaintiff asserts that the parties' settlement agreement included a refund of the $350.00 filing fee, which is the same issue raised in his earlier motion to rescind the settlement agreement.

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted).  The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted).  A court may retain jurisdiction to enforce a settlement agreement, but that retention must be express.  *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Furthermore, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction.  *Alvarado*, 509 F.3d at 1017.

Although the Court expressly retained jurisdiction in its dismissal order to enforce the settlement agreement for forty-five days from June 3, 2013, and Plaintiff's motion was filed

within that forty-five day period, the terms of the parties' written settlement agreement did not include reimbursement of the $350.00 filing fee. Accordingly, the Court lacks ancillary jurisdiction over the matter and Plaintiff's motion is HEREBY DENIED, with prejudice. *Alvarado*, 509 F.3d at 1017.

IT IS SO ORDERED.

Dated:   November 12, 2013                                   /s/ 
                                                                          SENIOR DISTRICT JUDGE

3